UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 1 8 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

CHRISTOPHER BRANDON LOMAS,
    Petitioner,

vs.

WARDEN GUNTHER,
FOR FCI PHOENIX,
THE FEDERAL BUREAU OF PRISONS
AND BOP DIRECTOR
COLETTE S. PETERS,
    Respondent.

CASE NO.   CV24-00557-PHX-SRB--ESW

PETITION FOR WRIT OF HABEAS
CORPUS § 28 U.S.C. § 2241(c)(3)

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCiv P5.4 7.1(a)(1)
(Rule Number/Section)

    Petitioner has filed a Petition for Writ of Habeas Corpus, challenging the Bureau of Prison's (BOP's) calculation and application of his earned time credits (F.T.C.s) under the First Step Act of 2018 (The FSA). (Id) Specifically, petition is alleging that the BOP is refusing to apply [petitioner's FTCs) towards pre-release/halfway house placement, or any other methods that the BOP has in place, pursuant to [The FSA].

BACKGROUND

The FSA And Time Credits

    Petitioner's eligibility to earn and apply FTCs under the FSA is at the root of the matter raised in the Petition, Petitioner respectfully submits the framework that governs the earning and application of FTCs.

1

On December 21, 2018 the FSA [P.L. 115-391] was enacted into law. The FSA addresses the reentry of incarcerated individuals into society. As part of the FSA, Congress directed the BOP to implement reentry initiatives, including programming and programming incentives, good-time credit, and compassionate release opportunities. Congress further directed the Attorney General to develop a risk and needs assessment system, to appropriately direct programming and programming incentives by "determin[ing] the recidivism risk of each prisoner" and classifying "each prisoner as having minimum, low, medium, or high risk for recidivism." 18 U.S.C. § 3632(a).

An eligible prisoner can earn 10 days (plus an additional five days if he meets the criteria for minimum or low risk recidivism) of FSA time credits "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A); 28 C.F.R. § 523.42(c).1.

Time credits earned under 18 U.S.C. § 3632(d)(4) "shall be applied toward time in pre-release custody or supervised release" and "[t]he Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into pre-release custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). Under 28 U.S.C. §3624(g) an "eligible prisoner" for the application of FTCs to pre-release custody or supervised release is defined as one who meets the following four criteria:

(A) the prisoner must have earned FTCs;

(B) the prisoner must have demonstrated "recidivism risk reduction or has maintained a minimum or low recidivism risk

during their term of imprisonment";

(C) the prisoner "has had the remainder of their imposed term of imprisonment computed under applicable law; and

(D) the prisoner has either (I) "been determined under the System to be a minimum or low risk to recidivate pursuant to the last two re-assessments of the prisoner," or (II) has had a petition to be transferred to pre-release custody or supervised release approved by the warden after the warden has determined the prisoner meets certain criteria. See 28 U.S.C. § 3642(g)(A)-(D). See also, Lapuente v. Derr, No. CV 22-00119 LEK-WRP, 2023 U.S. Dist LEXIS 97565, 2023 WL 3821136, at *5 (D.Haw. June 5, 2023) (finding that an inmate who had reduced his recidivism risk level from high to medium was still ineligible to apply earned FTCs under § 3624 because the inmate had not maintained a minimum or low recidivism risk level or received approval for pre-release custody from the warden).

## Petitioner

On  5-20\12  , Petitioner Lomas, BOP federal register number 69505-112, was sentenced in the United States District Court for the District of  California  to serve a 156 months term for _____. Petitioner is currently incarcerated at the Federal Correctional Institution, Phoenix, Arizona ("FCI Phoenix").

## Petitioner's Classification And FSA Qualification

On August 2, 2023, the BOP reviewed Petitioner's eligibility for FTCs under FSA, and found Petitioner to be eligible and that Petitioner had earned 365 days (Second Chance Act) and an

3

additional 185 days (First Step Act), which would result in a half-way house date on October 18, 2023. Based on this information the BOP submitted Petitioner for halfway house to two states, both California and South Carolina BOP approved both release states, based on Petitioner's approved housing in each state, based on the aforementioned BOP submission, a response came back from the Central District of California, it stated that housing would be available on March 5, 2024, "due to no bed space available until that date."

Legal Standard

The Attorney General, through the Bureau of Prisons, is responsible for computing the amount of credit an inmate is to receive toward his federal sentence. United States v. Wilson, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L. Ed. 2d 593 (1992); See also, 28 C.F.R. § 0.96 (authorizing Director of Bureau of Prisons to exercise any authority of the Attorney General relating to the commitment, control, or treatment of persons charged with or convicted of offenses against the United States). The computation occurs once the defendant commences his federal sentence, rather than at time of sentencing. Wilson, 503 U.S. at 333.

Petitioner has exhauted administrative remedies. The Court reviews the BOP's decisions for abuse of the agency's substantial discretion. See 2010 U.S. Dist. LEXIS 139754, 2010 WL 5574730, 1 (quoting Fegans v. United States, 506 F.3d. 1101, 1105 (8th Cir. 2007) (see also, Allen Scott Pillon v. Bureau of Prisons, No. 4:22-CV-00713-PSH, 2022 U.S. Dist. LEXIS 192489, Eastern Dist. of Arkansas, October 21, 2022, "Petitioner Pillow maintained that Respondent (FBOP) [had] failed to award him the proper number of

FSA credits. Petition for 28 U.S.C. 2241").

Petitioner Humbly and respectfully points to the FBOP policy and regulations that are in place to shield the incarcerated from abuse/harm. The FBOP is instructed that placement in RRC is (1) conducted in a manner consistent with 18 U.S.C. § 3621(B); (2) determined on an individual basis, and (3) of sufficient duration to provide the greatest likelihood of successful re-integration into the community. See also; 18 U.S.C. § 3624(c)(6). The United States Probation system must, to the extent practicable, offer assistance to a prisoner in pre-release custody under 18 U.S.C. § 3624(c)(3). The FBOP program statement 7310.04 recognizes someone can be put in a halfway house/home confinement at anytime. The statement proceeds to explain that a decision on RRC placement "normally" <u>Should</u> be made "no later than 11 to 13 months before an inmate's projected release date."

Discussion

The FSA, Pub. L. No. 115-391, 132 Stat. 5194, seeks to "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs" by permitting prisoners to earn a designated number of days of "time credits" for every 30 days of successful participation in such programs, which can be applied toward either earlier movement into pre-release custody or earlier transfer to supervised release. 18 U.S.C. § 3632(d)(4); see also, 28 C.F.R. § 523.40(b). ("An eligible inmate... may earn FSA Time Credits to be applied toward pre-release custody or early transfer to supervised release under 18 U.S.C. 3624(g).") Mr. Lomas has earned those credits, through his hard-work during his time of incarceration.

5

And now at the end of his sentence he is being denied his FSA Time Credits Paycheck and worst Mr. Lomas was punished with more incarceration time, and less time to transition back into the community, less time with his family.

    Mr. Lomas respectfully requests that the Court grant time relief in his community supervision. Further, Mr. Lomas request that this Honorable Court that judicial notice in that Mr. Loma's FSA Time Credits where inadequately applied and the FBOP failed in its duties.

    For the reasons discussed above Mr. Lomas respectfully and humbly request that this Petition be Granted.

Respectfully, Submitted this 4th day of March, 2024.

*C. Lomas*
Christopher Brandon Lomas
Reg. No. 69505-112